### No. 8330.

### W. E. CLARKE ET AL VS. P. H. WATERS.

Act No. 178 of 1867, entitled, "An Act to establish the office of Inspector of Hay, and to regulate the duties pertaining to same," created but one office with three persons to perform the functions thereof. Hence, the emoluments of said office, consisting of fees, must in law be equally divided between the three Inspectors composing said office. The action of two of the Inspectors for the purpose of compelling the third Inspector to account for the inspections and collections made by him is a joint action, in which plaintiffs properly joined in the same action.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus, J.*

*E. D. White* for Plaintiffs and Appellees.

*Braughn, Buck & Dinkelspiel* and *W. O. Hart* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. The facts which have given rise to this litigation are as follows:

In 1877, W. E. Clarke, M. R. Chew and P. H. Waters were appointed Inspectors of Hay in the City of New Orleans, under the provisions of Sections 1866 *et seq.* of the Revised Statutes.

They at once organized themselves into a Board, and adopted rules for its guidance, providing among other things for an entry in official books of all inspections and of all collections made, and for an equal distribution among the Inspectors of all the net earnings of the office.

This rule was observed by all the members until April, 1880, at which time the defendant ceased to make returns of inspections made by him and to account to the other members of the Board for the fees collected by him.

The object of this suit is to compel him to make returns since April 24th, 1880, and to obtain an equal distribution of all the earnings of the Board between the members thereof.

Defendant prosecutes this appeal from an adverse judgment.

He calls our attention to his exception of misjoinder of parties, based on the ground that plaintiffs have each a distinct and separate cause of action.

The disposition of this exception is almost a decision of the cause on its merits, which involve the question of joint performance of duties by the three Inspectors, and of joint interest in the earnings. A correct interpretation of the law creating these public functionaries shows that the Act contemplates, in our opinion, a joint action of the three Inspectors provided for. The object to be accomplished is a proper inspection of hay received and offered for sale in the City of New Orleans, and the act to be thus performed is one of the functions of the State government. The reason which prompted the appointment of more than one Inspector is predicated on the burden of the numerous inspections to be made, but the law does not thereby contemplate more than one object, or the performance of various and different duties.

Hence, we conclude, that between themselves the three Inspectors formed a single entity, that their action must be joint, and that they correctly and legally organized themselves into a Board. Their interest being joint, the two members who seek to compel a specific performance of his duties by the third member of the Board, were therefore properly joined as plaintiffs in the suit. The exception was properly overruled.

These considerations justify the conclusion that the defendant was properly coerced to the specific performance of his duties as a member of the Board, the existence of which flows not only from the voluntary acts of the three Inspectors, but is the logical outgrowth of the legislation which created that office. We are clear in our conviction that, in providing for the appointment of three Inspectors of Hay, the law did not intend or contemplate to establish three distinct and separate offices, but, as indicated by its title, the Act contemplated the establishment of only one office for the inspection of hay, and that the duties or functions of that office should be performed by three officers. As the duties of the office were to be performed by three persons, it was just and natural that the emoluments of the office were contemplated to be divided and partaken of in equal portions by the three persons composing the office.

These views and the evidence in the record justify the conclusions reached by the District Judge.

The judgment appealed from is, therefore, correct and is affirmed with costs.